```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF GEORGIA
                       SAVANNAH DIVISION
```

EDWIN W. WILLIAMS,                    *
                                      *
    Petitioner,                       *      CV 416-166
                                      *      (underlying CR 403-253)
v.                                    *
                                      *
UNITED STATES OF AMERICA,             *
                                      *
    Respondent.                       *

_____

O R D E R
_____

On February 5, 2004, Defendant Edwin W. Williams pled guilty to six counts of commercial business robbery. At sentencing, Williams was determined to be a career offender under U.S.S.G. § 4B1.1 based on prior convictions for robbery with a handgun, possession of cocaine for sale, and conspiracy to sell marijuana. Williams was sentenced to serve 262 months in prison followed by three years of supervised release.

On June 27, 2016, Williams initiated this civil action by filing a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on the grounds, *inter alia*, that he no longer qualifies as a career offender based upon recent case law. (See Doc. 1, at 5 (citing <u>Johnson v. United States</u>, 576 U.S. 591 (2015)).) Williams also complained that his sentence was above

the statutory maximum. Id. at 6-8. The Court concluded that the habeas petition was untimely and further determined that the recent Johnson decision had not cured the untimeliness because it had no application to the United States Sentencing Guidelines. (See Report and Recommendation of June 30, 2016, Doc. 2, adopted by Order of July 19, 2016, Doc. 4.) Thus, the Court denied Williams's § 2255 petition; he did not appeal.

At present, Williams has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Preemptively, Williams cites Banister v. Davis, --- U.S. ---, 140 S. Ct. 1698 (2020), for the proposition that his current motion cannot be dismissed as a second or successive habeas corpus petition. It is true that the Banister Court held that a Rule 59(e) motion is "part and parcel of the first habeas proceeding." Id. at 1702. Ignored by Williams, however, the Banister Court also explained that a Rule 59(e) motion must be brought within 28 days from the district court's entry of judgment. Id. at 1703 ("The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." (quoted source omitted)). Because the present motion comes four years after the judgment, the Court clearly cannot consider Williams's filing as a Rule 59(e) motion.

At best, Williams has filed a Rule 60(b) motion to set aside the judgment. Importantly, the Banister Court differentiated

2

between Rule 59(e) and Rule 60(b) motions, explaining a Rule 60(b) motion serves "to collaterally attack [an] already completed judgment." Id. at 1709. Thus, a Rule 60(b) motion is still subject to the restrictions of Gonzalez v. Crosby, 545 U.S. 524 (2005), which held that Rule 60(b) cannot be used by habeas petitioners to circumvent the second and successive habeas petition rule of 28 U.S.C. § 2244(b)(3)(A). In Gonzalez, the Supreme Court made clear that a Rule 60(b) motion must be treated as a successive habeas petition if it: (1) "seeks to add a new ground for relief," or (2) "attacks the federal court's previous resolution of a claim on the merits." Id. at 532.

In his current motion, Williams again argues that he was impermissibly sentenced above the statutory maximum, although in much greater detail. The simple fact remains, however, that he is either attacking this Court's previous resolution of the matter on the merits or asserting a new ground for relief. Either way, under Gonzalez, this Court does not have authority to consider the merits of Williams's collateral attack because it is second or successive to his first one. Accordingly, Williams must seek authorization from the Eleventh Circuit Court of Appeals before he can seek relief in this Court. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255] petition.").

3

Upon the foregoing, Williams's motion to alter or amend judgment in this case (doc. 6) must be **DISMISSED** for lack of jurisdiction. Further, because the Court finds that any appeal from this Order would be frivolous and not taken in good faith, see 28 U.S.C. § 1915(a)(3), his motion to proceed in forma pauperis on appeal (doc. 7) is also **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of September, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA