```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF GEORGIA
                     SAVANNAH DIVISION
```

UNITED STATES OF AMERICA        *
                                *
    v.                          *      CR 403-253
                                *
EDWIN W. WILLIAMS               *

### O R D E R

Defendant Edwin W. Williams has filed a motion seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. The Government opposes the motion. For the following reasons, the motion is denied.

The Court may only reduce Williams' sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable Policy Statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other

person or the community. U.S.S.G. § 1B1.13. The application notes to this Policy Statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).

In brief, Williams expressly relies upon a fourth catch-all category, which provides: **"As determined by the Director of the Bureau of Prisons,** there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. U.S.S.G. § 1B1.13 n.1(D) (emphasis added). Many courts have determined that the First Step Act gave them authority to ignore the emphasized language and to determine whether extraordinary and compelling reasons exist outside of the three enumerated examples in U.S.S.G. § 1B1.13 independent of the BOP's determination. The Eleventh Circuit, however, has not yet spoken on the issue, and until such time, this Court will abide by the Policy Statement as written. In the Court's estimation, the First Step Act did not render the Sentencing Commission's Policy Statement an inappropriate expression of policy. The fact remains that Congress intended that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c)(1)(A) as amended by the First Step Act *still* requires courts to abide by

2

policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will not consider circumstances outside of the specific examples of extraordinary and compelling reasons to afford relief. Accord, e.g., United States v. Carroll, 2021 WL 807483 (N.D. Ala. Mar. 3, 2021); United States v. Teachey, 2020 WL 5422563 (E.D. Ky. Sept. 10, 2020); United States v. Pelloquin, 2020 WL 6556024 (N.D. Fla. May 29, 2020); United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

In consideration of the enumerated extraordinary and compelling reasons, Williams cites to his health and his family circumstances as grounds for relief. Williams bears the burden of demonstrating that compassionate release is warranted. Cf. United

3

States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)).

Williams relays that his 92-year old mother is deteriorating and that he would like to care for her in her time of need. Application Note 1(C) provides only two categories of family circumstances that would constitute extraordinary and compelling circumstances: "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children," or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." The extenuating circumstances of a defendant's mother do not qualify as an extraordinary and compelling reason justifying release. Accordingly, Williams has failed to establish that he is entitled to compassionate release on this basis.

With respect to his health, Williams has Type 2 Diabetes Mellitus, which the Centers for Disease Control ("CDC") lists as a condition that places a person "at increased risk of severe illness from COVID-19." See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on March 4, 2021). The Government concedes that his condition, in conjunction with the potential adverse effects to him should he contract COVID-19, qualifies as a serious medical condition under

4

Application Note 1(A).  However, the Court notes that Williams recently had his first dose of the Pfizer COVID-19 vaccine, which significantly reduces his risk of exposure.  Moreover, his inmate medical records show that his diabetes is monitored regularly and treated with prescription medications.  (See generally Gov't Resp. in Opp'n, Doc. 34, Ex. A.)  In short, the Court does not readily conclude that Williams' circumstances automatically qualify as extraordinary and compelling merely by virtue of his diabetic condition.

Nevertheless, the Court will assume for the sake of argument that Williams has a qualifying serious medical condition.  The Court, however, retains discretion over whether to grant relief and must weigh the sentencing factors of 18 U.S.C. § 3553(a) prior to release.  See 18 U.S.C. § 3582(c)(1)(A).  Upon careful consideration thereof, the Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served.  Williams is a serial armed robber.  His criminal activity began at an early age and continued into his fifties.  He made death threats during his robberies and used a firearm in at least five.  Williams avoided greater sentencing exposure with a favorable plea agreement.  With good time credit, Defendant still has four years remaining on his sentence.  Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law,

5

provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing.

Upon the foregoing, Defendant Edwin W. Williams' motion for compassionate release (doc. 33) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of March, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA